# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | : | |
| | : | **Case No.: 1:20-cr-077** |
| **Plaintiff,** | : | |
| v. | : | **Judge Black** |
| | : | |
| **Matthew Borges,** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANT MATTHEW BORGES'S DEMAND FOR DISCOVERY

Defendant, Matthew Borges (hereinafter the: "Defendant"), by and through undersigned counsel, hereby requests the United States of America, through its United States Attorney to provide forthwith the discovery authorized under Federal Rule Criminal Procedure 16, as follows:

Definitions: When the designation co-defendant and co-conspirator are hereinafter used, they shall have the following meaning:

> <u>Co-defendant</u> means any person or persons other than defendant herein who is charged in any count of the indictment in the above numbered case or in any count of any indictment in any other case or cases relating to the same or similar charges or arising out of or connected with the conduct which forms the basis of the indictment in this case.

> <u>Co-conspirator</u> means any person or persons known to have engaged in any of the conduct charged in any count of the indictment in the above numbered case which forms the basis of charges against the defendant or a co-defendant or any conduct which the State proposes to introduce into evidence against the defendant or a co-defendant in this case even though said person is not indicted or named in the indictment in this case or any other case.

A. To permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody or control of the Government, the

existence of which is known or by the exercise of due diligence may become known to the United States Attorney:

1. All written or recorded statements made by the Defendant and any co-defendant, or copies thereof.

2. Written summaries of any oral statement, or copies thereof, made by the Defendant, co-defendant or co-conspirator to a Prosecuting Attorney or any law enforcement officer.

3. Recorded testimony of the Defendant, co-defendant or co-conspirator before any grand jury who considered testimony in this case.

4. Relevant written or recorded statements or summaries of any oral statements made by or attributable to the Defendant or a co-defendant or any person who is or may be a co-conspirator which are claimed to have been made to:

    a. The United States Attorney.
    b. Any law enforcement officer.
    c. Any co-defendant.
    d. Any co-conspirator.
    e. Any non-law enforcement person.
    f. Any non-law enforcement person who was or may have been acting as an agent of the Prosecuting Attorney or any law enforcement officer.

5. Sound recordings including the original and any transcription of any statement mentioned in items A-1, A-2, A-3 and A-4 above, whether deemed to be audible or inaudible by the State.

6. The demands set forth in A-1 through A-5 above specifically include recorded and/or monitored statements of the Defendant or co-defendant that were obtained as a result of electronic monitoring and/or recording devices, including but not limited to the following methods: Telephone wiretapping done pursuant to authorization from either a state or federal court, telephone wiretapping done without court approval: wired informer(s) and/or wired law enforcement officer(s): and/or agent(s) or law enforcement officer(s): surreptitious monitoring at either federal, state or municipal law enforcement office.

B. To disclose whether or not any of the recordings mentioned in Item A-5 above have been erased, destroyed or altered, either intentionally or inadvertently.

      C.      To disclose to Defendant any acts of surreptitious overhearing, listening, or otherwise monitoring, either intentionally or inadvertently, any communications in person or by telephone between persons to which the Defendant, the co-defendant, a co-conspirator, the United States Attorney, law enforcement officer, or any non-law enforcement person who was or may have been acting as an agent on behalf of the United States Attorney or any law enforcement officer that was a party in connection with this case, whether or not any party to the communication consented thereto. In the event of such surreptitious overhearing, listening, or otherwise monitoring, to provide the original recordings and transcripts thereof and to disclose whether or not such recordings have been erased, altered or destroyed, either intentionally or inadvertently.

      D.      To furnish Defendant a copy of the prior criminal record which is available to or within the possession, custody or control of the United States, including but not limited to the records of the Federal Bureau of Investigation, the Ohio Bureau of Criminal Identification and Investigation and and/or county or municipal law enforcement agency in the State of Ohio for:

          1.      The Defendant

          2.      Any co-defendant

          3.      Any co-conspirator

          4.      Any witness which the United States proposes to present in this case.

      E.      To permit Defendant and his counsel to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies, or portions thereof, available to or within the possession, custody or control of the United States and that are material to the preparation of his defense or are intended for use by the United States Attorney as evidence at trial or which are obtained from or belong to the Defendant.

F. To permit Defendant and or his counsel to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case or the investigation thereof, whether or not the United States Attorney considers them relevant, or copies thereof, available to or within the possession, custody or control of the United States, the existence of which is known or by the exercise of due diligence may become known to the United States Attorney. Such reports or results should include a written description of the testing methods utilized in obtaining the same and should include but not be limited to examinations, scientific tests and examinations conducted with respect to the following matters and things:

1. Polygraph examinations conducted upon any person in the investigation of this case, giving the date, time, place and identity of the person examined and the examiner, along with the results thereof, including but not limited to, polygraph examinations conducted of:

    a. The Defendant.
    b. The co-defendant.
    c. Any co-conspirator.
    d. Any person who acted as an agent on behalf of the Prosecuting Attorney or any law enforcement officer.
    e. Any suspect questioned in connection with the investigation of this case.
    f. Any witness which the State proposes to present in this case.

2. The existence of latent fingerprints.

3. For the comparison and identification of the following:

    a. Fingerprints.
    b. Tools or other items.
    c. Handwriting.
    d. Voice exemplars.
    e. Paper and markings thereof other than handwriting.

4. Any coding identification reports and/or export reports on computer software.

4

G. A written summary of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the Defendant complies, the government must, at the Defendant's request, give to the Defendant a written summary of testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial; Fed. Crim. R. 16(a)(1)(G) includes the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications. The summary provided under this subparagraph must describe the witness's opinions, the basis and reasons for those opinions, and the witness's qualifications. Fed. Crim. R. 16(a)(1)(F) entitles the Defendant to inspect, copy, and/or photograph any such results or reports of physical exams, mental exams, and scientific tests or experiments, which were made in connection with this case.

H. To furnish Defendant and or his counsel a written list of the names and addresses (including the present whereabouts) of all witnesses whom the United States Attorney intends to call at trial, together with any record of prior felony and misdemeanor convictions of any such witnesses, the existence of which record is within the knowledge or by the exercise of due diligence may become known to the United States Attorney.

I. To disclose to counsel for the defendant any and all evidence known or which may become known to the United States Attorney favorable to the Defendant and material either to guilt or punishment, which should include any attempt by the United States Attorney or any law enforcement person or any person acting as an agent for the United States Attorney or any law enforcement person to attempt to induce the defendant to commit an offense or to make a statement contrary to his interests, whether prior to, contemporaneous with, or subsequent to the date of the alleged offenses in this case.

1. In light of the particularity requirement of the *United States v. Agurs. 96 S.Ct. 2392 (1976),* the Defendant's specific request for favorable information include impeachment matters affecting the United States' case, including but not limited to the following:
   a. Prior felony and misdemeanor convictions and or juvenile adjudications for all witnesses expected to be called by the United States.
   b. Specific instances of misconduct, "bad acts", by all witnesses expected to be called by the United States, whether or not resulting in a criminal conviction.
   c. Disclosure by the United States of any and all consideration it has held out to a witness or which the witness subjectively anticipates/including but not limited to: grants or promises of immunity: confirmed or tentative plea bargaining; monetary compensation; assistance in avoiding prosecution in other jurisdictions; omission from being named in an indictment or as an unindicted co-conspirator; or any other considerations regardless of their nature granted or promised in return for testimony.
   d. The existence of pending criminal charges, either felony, misdemeanor, or juvenile, as well as parole or probation status of any and all witnesses the United States expects to call.
   e. The existence and identification of each occasion on which prosecution witnesses have testified or otherwise narrated concerning the facts of the present case.
   f. The disclosure of all occasions known to the United States that a prosecution witness who is either an informer, accomplice, co-defendant, or co-conspirator has previously testified whether or not that testimony relates to the present case.
   g. The names and addresses and statements or summaries of statements obtained by the United States or any state agency, or law enforcement agency concerning the defendant's lack of involvement concerning the commission of the alleged offense, and/or statements or summaries of statements concerning suspects or other than the defendant in this matter.

J. To furnish Defendant by and through his counsel prior to the trial of this case the written or recorded statements or summaries thereof of any witness relevant to these proceedings or, in the alternative, have available such statements for in camera inspection by the Court pursuant to the Jenck Act.

Respectfully submitted,

*/s/ Todd A. Long*
Karl H. Schneider (0012881), Lead Counsel
Todd A. Long (0082296)
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614) 614-469-4653
kschneider@mcneeslaw.com
tlong@mcneeslaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Notice was electronically filed with the Clerk of the United States District Court using the CM/ECF system on August 3, 2020, which will send notification of such filing to all attorneys of record including Assistant United States Attorneys Emily Glatfelter and Matthew Singer.

*/s/ Todd A. Long*
Todd A. Long (0082296)

7