**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No.: 1:20-cr-077 |
|     Plaintiff, | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| Matthew Borges, | : | |
| | : | |
|     Defendant. | : | |

**<u>DEFENDANT MATTHEW BORGES' MOTION FOR RELIEF FROM THE
GOVERNMENT'S TIER 3 DESIGNATION AS TO CERTAIN DISCOVERY</u>**

Defendant, Matthew Borges ("Borges"), by and through undersigned counsel, hereby moves the Court for relief from the Government's Tier 3 designation as to items of discovery relating to "CHS-1" provided by the Government on or about September 2, 2020. This Motion is more fully explained in the attached memorandum in support.

                                                        Respectfully submitted,

                                                        */s/ Karl H. Schneider*
                                                        Karl H. Schneider (0012881), Lead Counsel
                                                        Todd A. Long (0082296)
                                                        MCNEES WALLACE & NURICK LLC
                                                        21 East State Street, Suite 1700
                                                        Columbus, Ohio 43215
                                                        Telephone: (614) 719-2843
                                                        Facsimile: (614) 469-4653
                                                        kschneider@mcneeslaw.com
                                                        tlong@mcneeslaw.com

                                                        *Counsel for Defendant*

## **MEMORANDUM IN SUPPORT**

### Introduction

Borges seeks relief from the Government's Tier 3 designation of discovery materials (recorded calls, text messages, video/audio recordings, and an employment contract) relating to "CHS-1." Any "compelling interest" the Government had in limiting the dissemination of those materials evaporated when "CHS-1" revealed his identity to the news media and publicly discussed his work as a confidential source for the FBI. CHS-1 disclosed to the news media that he texted, called, and surreptitiously recorded conversations with Borges at the direction of the FBI. Borges, through counsel, asked the Government to re-designate the CHS-1 discovery materials as Tier 1. The Government declined Borges' request. Borges is now before the Court seeking relief from the Government's Tier 3 designation as to those materials.[1]

### Discussion

On August 14, 2020, the Court issued a Protective Order Regarding Discovery. (Protective Order, R.47.) Among other things, the Order required the Government to designate discovery items into certain categories—Tier 1, Tier 2, or Tier 3—and imposed certain limitations on each Defense Team's use or dissemination of discovery materials depending on which category the Government chose. On February 4, 2021, the Court issued an Amended Protective Order Regarding Discovery, adding an additional category "Tier 3 Attorneys' Eyes Only." Am. Protective Order, R.77.

---

[1] "If the parties cannot agree on a designation of any of the Discovery Materials, the defendant, through counsel of record, may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court." Am. Protective Order, R.77, PAGEID #1554.

The Government has produced discovery materials to the defendants on a rolling basis since August 2020.  All the materials provided by the Government have been designated and labeled as Tier 1, Tier 2, Tier 3, or Tier 3 Attorneys' Eyes Only.

At issue here are materials relating to CHS-1 that the Government designated as Tier 3, produced to Borges on or about September 2, 2020.  Those materials include recorded calls, text messages, and recorded meetings (audio and video) between Borges and CHS-1, as well as an employment contract between CHS-1 and a third-party (collectively "CHS-1 discovery materials").  Because these materials are designated Tier 3 they may only "be shared with members of the Defense Team[]" and may not "[b]e further disseminated by any member of the Defense Team" to anyone else including "witnesses or potential witnesses[.]" Am. Protective Order, R.77, PAGEID #1554.

The Amended Protective Order provides the following definition relevant to this discussion:

> Tier 3 Discovery Materials are defined as sensitive materials or information that involve, refer, or relate to sensitive investigatory techniques or information the disclosure of which would reveal the sensitive investigative methods used by law enforcement in complex corruption investigations and/or identify or reveal information about other individuals, investigations, or witnesses.

Am. Protective Order, R. 77, at PAGEID #1552.

Borges recognizes that, in general, the Government has a strong interest in protecting the identity of cooperating individuals, as well as, certain investigatory techniques used by law enforcement.  However, Borges submits that any "compelling interest" the Government may have had in protecting CHS-1's identity vanished when CHS-1 sought publicity for his work with the FBI and "outed" himself in the media. *See, e.g.,* Jim Provance, *Key source in probe of Ohio House Speaker identified*, Toledo Blade (July 23, 2020) available at

3

https://www.toledoblade.com/local/politics/2020/07/23/key-source-in-fbi-probe-of-house-speaker-identified/stories/20200723104; Jeremy Pelzer, *Meet the man who helped the FBI expose Ohio House Speaker Larry Householder's alleged $60M bribery scheme*, Cleveland Plain Dealer (July 24, 2020) available at https://www.cleveland.com/open/2020/07/meet-the-man-who-helped-the-fbi-expose-ohio-house-speaker-larry-householders-alleged-60m-bribery-scheme.html; Andy Chow, *Nuclear Bailout Whistleblower Speaks Out*, WOSU News (Oct. 22, 2020) available at https://news.wosu.org/news/2020-10-22/nuclear-bailout-whistleblower-speaks-out.[2] Since there is no need to protect the privacy of someone who so clearly does not wish to remain anonymous, the only other reason to limit the dissemination of these materials would be if the disclosure of the contents of those materials "would reveal the sensitive investigative methods used by law enforcement[.]"

Borges submits that the CHS-1 discovery materials would not disclose any "sensitive" investigative methods or techniques. Assuming, *arguendo*, that secretly recording a telephone call or a meeting is a "sensitive investigative method," a doubtful premise since anyone with a smart phone can accomplish the same thing, the bulk of the CHS-1 discovery materials share the contents of communications and very little, if anything, about the methods used to gather them. Moreover, both CHS-1 (*see above articles*) and the Government have already disclosed the nature of the investigative techniques used to obtain these discovery materials and select portions of the contents of those materials. *See, e.g.,* Indictment, R.22, PAGEID #1255 (referencing CHS-1 working at the direction of the FBI), PAGEID #1265 (referencing recorded meetings between

---

[2] Because these articles are public, and not the Government's discovery materials, there is no limitation under the Amended Protective Order as to their dissemination. Am. Protective Order, R. 77, at PAGEID #1553 (defining "Disseminate" to include "disclosing the identity or probable identity of a confidential witness … where identifying information was derived from discovery materials.") Counsel will, however, continue to use "CHS-1" out of an abundance of caution.

Borges and CHS-1 and quoting therefrom), PAGEID #1276 (referencing recorded meetings between Borges and CHS-1 and quoting therefrom), PAGEID #1283-84 (referencing text messages between Borges and CHS-1 and quoting therefrom). It is worth noting that "disseminate" means, in part, "to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom." Am. Protective Order, R.77, at PAGEID #1553.

In sum, the Government: (1) publicly acknowledged the existence of CHS-1 and his work with the FBI; (2) publicly disclosed the investigatory methods used with CHS-1 (copying text messages, secretly recording calls and meetings); and (3) selectively disseminated (in Court filings and a press conference) portions of the CHS-1 discovery materials, despite the fact that those recorded conversations and text messages often directly refute the allegations made against Borges. The Government then designated all source materials for their selective public disclosures as Tier 3 so that Borges' Defense Team is severely limited in how those materials can be used.[3] Then, CHS-1, for reasons known only to him, sought publicity for his work with the FBI through various news outlets and disclosed his own version of events.

On October 6, 2021, counsel emailed counsel for the Government, Assistant United States Attorneys ("AUSA") Emily Glatfelter and Matthew Singer, requesting, among other things, that the Government re-designate the CHS-1 discovery materials from Tier 3 to Tier 1. The Government declined the requested re-designation of the CHS-1 discovery materials, thus making the matter ripe for the Court's review. *See* Am. Protective Order, R.77, PAGEID #1554.

---

[3] Counsel acknowledges that, regardless of the Tier designation, there are still limitations on the dissemination of any discovery materials and a procedure for utilizing any discovery material in Court filings. *See* Am. Protective Order, R.77, at PAGEID #1555. It is only the Tier 3 designation and the restrictions attendant thereto that counsel seeks relief from here.

**Conclusion**

Based on the foregoing, Borges respectfully moves the Court for relief from the Government's Tier 3 designation of the CHS-1 discovery materials, including text messages, recorded calls, recorded meetings, and a contract. Borges submits that these discovery materials should be re-designated as Tier 1.

Respectfully submitted,

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Lead Counsel
Todd A. Long (0082296)
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614) 469-4653
kschneider@mcneeslaw.com
tlong@mcneeslaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Notice was electronically filed with the Clerk of the United States District Court using the CM/ECF system on October 21, 2021, which will send notification of such filing to all attorneys of record including Assistant United States Attorneys Emily Glatfelter and Matthew Singer.

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Lead Counsel