UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-77 |
| vs. | : | Judge Timothy S. Black |
| MATTHEW BORGES (4), | : | |
| Defendant. | : | |

**ORDER CONDITIONALLY GRANTING
DEFENDANT BORGES' MOTION FOR RELIEF FROM THE
GOVERNMENT'S TIER 3 DISCOVERY DESIGNATIONS**

This criminal case is before the Court on Defendant Matthew Borges' motion for relief from the Government's Tier 3 designation of certain discovery (Doc. 91) and the parties' responsive memoranda (Docs. 95, 97, 99).[1] The Court also has before it both the initial Protective Order and the Amended Protective Order that give rise to the instant motion. (Docs. 47, 77).

## I.  BACKGROUND

On July 30, 2020, a federal Grand Jury returned a single-count Indictment, charging Defendant Matthew Borges and five co-defendants with participating in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, in violation of 18 U.S.C. § 1962(d).  (Doc. 22).  To date, three of the named co-defendants—Jeffrey Longstreth, Juan Cespedes, and Generation Now—have pleaded guilty to the charge

---

[1] Docs. 95 and 97 are, respectively, the redacted and unredacted versions of the Government's response in opposition.  The unredacted response contains information subject to the Protective Order and was therefore filed under seal.  (Doc. 97).

(Min. Entries, Oct. 29, 2020, Feb. 9, 2021), and Defendant Clark has died (Doc. 88).[2] Thus, Defendants Borges and Householder are the only remaining, unresolved defendants in this case.

The discovery involved in this case is voluminous, and the Government has been producing the discovery, on a rolling basis, since August 2020. (*See* Min. Entry, Sep. 9, 2020). On August 14, 2020, the Court issued a Protective Order Regarding Discovery (Doc. 47), which Protective Order was later amended on February 4, 2021 (Doc. 77).[3] Among other things, the Amended Protective Order requires the Government to designate discovery items into certain categories—Tier 1, Tier 2, Tier 3, or Tier 3 (Attorneys' Eyes Only)—and imposes certain limitations on the defense's use or dissemination of discovery materials, depending on the category of designation. (Doc. 77 at 2-4). The Amended Protective Order further provides that "[i]f the parties cannot agree on a designation of any of the Discovery Materials, the defendant, through counsel of record, may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court," but Defendant must first confer with the Government and attempt to resolve the dispute informally before seeking the Court's intervention. (*Id.* at 3, ¶ 13).

---

[2] Defendants Longstreth, Cespedes, and Generation Now are awaiting sentencing (Min. Entries, Oct. 29, 2020, Feb. 9, 2021). The case as to Defendant Clark was dismissed following his death. (Doc. 88).

[3] The Amended Protective Order merely added a sub-category of Tier 3 discovery, which sub-category has no bearing on the instant motion. (*Compare* Doc. 47, *with* Doc. 77). Nevertheless, as the Amended Protective Order is now the operative document, the Court will refer to the Amended Protective Order for purposes of this Order.

2

On September 2, 2020, the Government produced certain items of discovery relating to CHS-1 ("the CHS-1 discovery"). (Doc. 91 at 3). CHS-1 was a confidential source/witness, who has since publicly disclosed CHS-1's own identity.[4] (*Id.* at 3-4). At the time of production, the Government designated the CHS-1 discovery as "Tier 3" discovery material. (*Id.*) It is this Tier 3 designation of the CHS-1 discovery that Defendant now seeks to amend.

Under the Amended Protective Order, Tier 3 documents are defined as: "sensitive materials or information that involve, refer, or relate to sensitive investigatory techniques or information the disclosure of which would reveal the sensitive investigative methods used by law enforcement in complex corruption investigations and/or identify or reveal information about other individuals, investigations, or witnesses." (Doc. 77 at 2, ¶ 4). And the Amended Protective Order limits dissemination of Tier 3 documents, as follows:

> Tier 3 Discovery Materials may be shared with members of the Defense Team [(*i.e.*, the defendant, defense counsel of record and counsel's office staff, and experts, consultants, and investigators retained to assist in the preparation of the defense)]. Tier 3 Discovery Materials shall not be further disseminated by any member of the Defense Team to any individuals, organizations, or other entities.

(*Id.* at 3-4, ¶¶ 7, 11).

On October 6, 2021, Defendant, through counsel, contacted the Government to seek re-designation of the CHS-1 discovery from Tier 3 to Tier 1, so as to allow the defense to reference the materials in future motions. (Doc. 95 at 3). Notably, Tier 1

---

[4] Although CHS-1's identity is now publicly available, the parties continue to refer to the individual as CHS-1 in their pleadings, and the Court will do the same in this Order.

documents are defined under the Amended Protective Order as "materials that were largely obtained through publicly available sources," and "Tier 1 Discovery Materials may be disseminated by the Defense Team without limitation." (Doc. 77 at 2-3, ¶¶ 2, 9).[5]

The Government responded to Defendant's October 6, 2021 request, noting that the CHS-1 discovery does not meet the definition of a Tier 1 document and, further, explaining that the Amended Protective Order allows for Tier 3 materials to be referenced in filings. (Doc. 95 at 3). The Government also asked defense counsel to explain how the Tier 3 designation prejudices the defense; however, the Government represents that Defendant filed the instant motion in lieu of responding to its inquiry. (*Id.*)[6]

---

[5] Although the Amended Protective Order states that Tier 1 documents may be disseminated "without limitation," the Amended Protective Order also states that:

> All Discovery Materials are to be provided to counsel of record for the defendant, and used by the defendant and the Defense Team solely for the purpose of allowing the defendant to prepare his defense. The defendant and Defense Team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record ….

(Doc. 77 at 5, ¶ 17). Thus, Tier 1 documents may be disseminated "without limitation" only so long as the dissemination serves the purpose of trial preparation.

[6] The Court has not seen the parties' October 6, 2021 communications and must therefore rely on the Government's representation. And based on the Government's representation of Defendant's communication, Defendant has failed to engage in a good faith effort to resolve the designation dispute before seeking the Court's intervention. The Court could deny the instant motion on that basis alone. However, for the sake of efficiency, and out of respect for the parties' time, the Court will address the motion on the merits, assuming that both sides will be equally considerate of the Court's time, should a similar issue arise in the future.

4

## II. STANDARD OF REVIEW

"[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). To that end, Federal Rule of Criminal Procedure 16 empowers the Court to issue a protective order "[a]t any time …, for good cause, [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). To establish "good cause" under Rule 16(d)(1), the moving party must "show that disclosure will result in a clearly defined specific and serious injury.'" *United States v. Sittenfeld*, No. 1:20-cr-142, 2021 WL 1438300, at *3 (S.D. Ohio, Apr. 15, 2021) (collecting cases). "A challenge to a protective order requires a defendant to demonstrate 'substantial prejudice' to overcome the order." *United States v. Montgomery*, 592 F. App'x 411, 417 (6th Cir. 2014) (citing *United States v. Davis*, 809 F.2d 1194, 1210 (6th Cir. 1987)).

## III. ANALYSIS

Defendant moves to re-designate the CHS-1 discovery from Tier 3 to either Tier 2 or Tier 1. (Docs. 91, 99).[7] Notably, beyond stating that a lower tier designation would "better enable[] [Defendant's] counsel to prepare his defense," Defendant does not necessarily argue that the current designation is unduly prejudicial. (Doc. 99 at 4). Rather, Defendant argues that the CHS-1 discovery does not meet the Tier 3 definition,

---

[7] Defendant's initially sought redesignation specifically to Tier 1. (Doc. 91). However, in his reply, Defendant amended his request, and now just asks that "the CHS-1 discovery materials [be] re-designated to a lower Tier." (Doc. 99 at 1).

5

because, under the Amended Protective Order, Tier 3 documents are defined so as to encompass sensitive materials, the disclosure of which would either reveal law enforcement's investigative methods or would identify confidential sources. Defendant asserts that CHS-1 has already voluntary disclosed the "sensitive" information contained in the discovery, including CHS-1's own identity and the methods of assistance given to law enforcement. (*Id.*) Under these circumstances, Defendant argues that the Government has failed to show good cause as to why the CHS-1 discovery should continue to be incorrectly designated and thus subject to strict prohibitions on dissemination. (Docs. 91, 99).

In response, the Government asserts that Defendant has failed to show why the Tier 3 designation is substantially prejudicial. (Doc. 95). Moreover, the Government argues that the CHS-1 discovery contains <u>additional</u> sensitive information, beyond merely the identity of CHS-1 and the investigative methods, and it is that additional information that continues to necessitate the protections afforded under a Tier 3 designation. (Docs. 95, 97).

Here, as an initial matter, the Court agrees with the Government that the CHS-1 discovery, by definition, does not constitute Tier 1 material. And indeed, Defendant acknowledges the same, noting that "[Defendant] agrees that the CHS-1 discovery materials were not obtained through publicly available sources…." (Doc. 99 at 3). Thus, re-designation to Tier 1 is not appropriate.

However, under the specific circumstances presented in this case, and under this particular Amended Protective Order, the Court disagrees that, in order to seek re-

6

designation, Defendant must first make a showing of "substantial prejudice." The requirement for Defendant to show "substantial prejudice" would be applicable if Defendant were seeking relief from the Court's Amended Protective Order. In other words, if the Court had limited Defendant's right to access or disseminate discovery materials, Defendant would need to show substantial prejudice in order for the Court to grant relief from its own Order. However, here, the Court's Amended Protective Order merely sets out the tier options. But the Court did not have any role in designating the CHS-1 discovery as Tier 3—rather, the Government is solely responsible for designating the tiers applicable to all items of discovery. (Doc. 77 at 6, ¶ 18) ("The government is responsible for correctly identifying into which of the above categories it believes the Discovery Materials fall"). Thus, it is the Government's initial burden to establish that its own designation is appropriate in the first instance, and only then should the burden shift to Defendant. Absent the Government showing "good cause," the designation cannot stand, and thus Defendant need not show "substantial prejudice" to obtain relief.

And, here, the Government has represented that the CHS-1 discovery contains sensitive information, such as personal details and other individuals, the disclosure of which would serve no legitimate purpose other than to harass or embarrass witnesses. Thus, good cause exists to justify inclusion of the CHS-1 discovery materials in the Amended Protective Order and placing some level of enhanced limitations on dissemination.

At this time, the Court can either leave the CHS-1 discovery in Tier 3 or, alternatively, re-designate the CHS-1 discovery to a lower tier—specifically, Tier 2.[8] And the Court would note that Tier 2 and Tier 3 are remarkably similar in definition and limitations. That is, Tier 2 discovery includes "materials that are neither Tier 1 Discovery Materials nor otherwise designated as falling into the category of Tier 3 Discovery Materials, [but] which are sensitive [in the same respect as Tier 3]." (Doc. 77 at 2, ¶ 3). And Tier 2 documents have the same limitation on dissemination as Tier 3, except that Tier 2 documents can be shown to prospective defense witnesses, so long as the documents are not left in the witnesses' custody nor are the witnesses permitted to retain the documents or any copies.

Given how similar Tiers 2 and 3 are, the Court finds that Tier 2 <u>might</u> be a more reasonable designation for the CHS-1 discovery, in order to protect the Government's interests while not unduly burdening the defense. But the Government's response in opposition only addressed the impropriety of Tier 1 for the CHS-1 documents. The Government has not addressed re-designation to Tier 2.

Accordingly, the Court intends to re-designate the CHS-1 discovery to Tier 2, unless the Government gives notice within 7-days of the issuance of this Order that it opposes such a re-designation and intends to make an offer of proof as to why a Tier 2

---

[8] The Court could also issue a Second Amended Protective Order to establish a new tier sub-category, should the need arise.

designation would fail to protect the privacy interests and law enforcement methods contained within the CHS-1 discovery.[9]

## IV. CONCLUSION

Based upon the foregoing, Defendant's motion for relief from the Government's Tier 3 designation as to certain discovery (Doc. 91) is **CONDITIONALLY GRANTED**; however, enforcement of this Order shall be **STAYED** for up to 7-days from the date of issuance. The Court further **ORDERS** as follows:

(1) If the Government intends to oppose a Tier 2 re-designation of the CHS-1 discovery, the Government SHALL file a notice of intent, within 7-days of the issuance of this Order. If such notice is filed, the stay on enforcement of this Order shall be automatically **EXTENDED**, pending the Court's review and resolution of the Government's submission; or

(2) If, within 7-days of the issuance of this Order, the Government fails to give notice of its intent to oppose a Tier 2 designation, or if the Government gives notice that is does not intend to oppose the re-designation, this Order **SHALL** take immediate effect, and the CHS-1 discovery shall be RE-DESIGNATED as Tier 2 discovery, pursuant to the Amended Protective Order.

**IT IS SO ORDERED.**

Date: 1/25/2022

Timothy S. Black
United States District Judge

---

[9] Pursuant to Fed. R. Crim. P. 16(d)(1), the Government may submit its position to the Court *ex parte*, if necessary, to protect confidential information. Fed. R. Crim. P. 16(d)(1) ("The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal").