# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-77 |
| vs. | : | Judge Timothy S. Black |
| MATTHEW BORGES (4), | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT BORGES'
## MOTION TO COMPEL DISCOVERY

This criminal case is before the Court on Defendant Matthew Borges' motion to compel discovery (Doc. 92) and the parties' responsive memoranda (Docs. 94, 98).

## I. BACKGROUND

On July 30, 2020, a federal Grand Jury returned a single-count Indictment, charging Defendant Matthew Borges and five co-defendants with participating in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, in violation of 18 U.S.C. § 1962(d). (Doc. 22). To date, three co-defendants—Jeffrey Longstreth, Juan Cespedes, and Generation Now—have pleaded guilty (Min. Entries, Oct. 29, 2020, Feb. 9, 2021), and Defendant Clark has died (Doc. 88).[1] Thus, Defendants Borges and Householder are the only remaining, unresolved defendants in this case.

On September 9, 2020, the Court held the preliminary pretrial conference in this case. (Min. Entry, Sep. 9, 2020). At that time, the parties unanimously agreed that the

---

[1] Defendants Longstreth, Cespedes, and Generation Now are awaiting sentencing (Min. Entries, Oct. 29, 2020, Feb. 9, 2021). The case as to Defendant Clark was dismissed following his death. (Doc. 88).

case was "complex" for purposes of the Speedy Trial Act, and the Court designated the case as such, noting, *inter alia*, the voluminous discovery to be produced. (Doc. 74 at 8-18). And, indeed, despite the Government's efforts, discovery production continued for over a year thereafter, and the defendants have repeatedly sought continuances in this case in order to afford them adequate time to review the ongoing, voluminous discovery. (*See*, *e.g.*, Min. Entries, Jun. 10, 2021, Sep. 2, 2021, Oct. 5, 2021).

As to Defendant Borges in particular, the Government represents that, as of November 2021, it has "produced more than 1.5 million pages of discovery, recordings, copies of [Defendant Borges'] device, and copies of co-defendant[s'] iCloud accounts and devices." (Doc. 94 at 3). The Government states, however, that on April 16, 2021 and June 7, 2021, Defendant sought additional discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E) and *Brady v. Maryland*, including "all statements or summaries of statements from individuals relating to 55 different topics … based on a belief that certain individuals 'would confirm' 44 of the topics." (*Id*. at 2-3).[2] In response, the Government advised Defendant that it was aware of and would comply with its discovery obligations, but that certain items sought were specifically excluded from production pursuant to Fed. R. Crim. P. 16(a)(2) and/or were sought prematurely pursuant to 18 U.S.C. § 3500. (*Id*.) The Government states that, on October 15, 2021, Defendant sent another letter requesting statements from Defendants Cespedes and Longstreth, and that Defendant filed the instant motion before the Government could respond to the letter. (*Id*. at 3-4).

---

[2] Defendant identifies the topics specifically in his motion to compel. (Doc. 92 at 4-6).

2

In the instant motion, Defendant moves "to compel the Government to produce material exculpatory information relating to co-defendants Cespedes and Longstreth… specifically records of or about statements made by Juan Cespedes and Jeff Longstreth." (Doc. 92 at 1-2).[3] Defendant argues that the statements sought "will negate his involvement in, and knowledge of, the alleged conspiracy set forth in the Indictment, and are not merely impeachment or *Giglio* materials." (*Id*. at 2). In the alternative, Defendant asks the Court to order the Government to produce the responsive discovery for the Court's *in camera* review. (*Id*.)

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Crim. P. 16(a), upon a defendant's request, the Government must produce certain items of discovery, such as the defendant's oral or written statements, reports of any physical or mental examinations or scientific tests, and disclosures relating to anticipated expert witness testimony. Rule 16 also provides that the Government must allow the defendant to inspect and copy documents and objects, if the item is within the Government's possession, custody, or control and: (1) "the item is material to preparing the defense"; (2) "the government intends to use the item in its case-in-chief at trial"; or (3) "the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E).

---

[3] Defendant specifies that he seeks any form of "statements," including a witness's written and approved statements, oral statements contemporaneously recorded or transcribed, testimony before the grand jury, as well as "records … such as a government agent's report that was not adopted by the witness." (Doc. 92 at 2, n. 1).

3

In particular, the Government bears certain obligations relating to the disclosure of material information in discovery, including exculpatory and impeachment evidence. *See*, *e.g.*, *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). Failure of the Government to provide "evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. Moreover, "there are situations in which evidence is obviously of such substantial value to the defense that elementary fairness requires it to be disclosed even without a specific request." *United States v. Agurs*, 427 U.S. 97, 110 (1976).

However, Fed. R. Crim. P. 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"; nor does the rule authorize the discovery or inspection of statements made by prospective government witnesses, except as required under the Jencks Act, *i.e.*, only after the witness has testified on direct examination at trial. Fed. R. Crim. P. 16(a)(2); 18 U.S.C. § 3500.

Notably, "[w]hen *Brady* material sought by a defendant is covered by the Jencks Act … the terms of [the Jencks] Act govern the timing of the government's disclosure." *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) (citing *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994)). Indeed, "due process requires only that disclosure of exculpatory material be made in sufficient time to permit the defendant to make effective use of that material at trial." *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993)

4

(citing *United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988)). Thus, "[i]f impeachment evidence is within the ambit of the Jencks Act, then the express provisions of the Jencks Act control discovery of that kind of evidence … [and] the government may not be compelled to disclose Jencks Act material before trial." *United States v. Brazil*, 395 F. App'x 205, 215 (6th Cir. 2010) (citing *Presser*, 844 F.2d at 1283) (emphasis added).

### III. ANALYSIS

Defendant moves to compel the disclosure of any statements made by co-defendants Juan Cespedes and Jeffrey Longstreth, as well as any reports of their statements, even where neither co-defendant has adopted or approved the report. (Doc. 92). Notably, Defendant does not dispute that when *Brady* material is also Jencks material, the Jencks Act governs the timing of disclosure. (*Id*. at 8) (citing *Davis*, 306 F.3d at 421; *Brazil*, 395 F. App'x at 215). Rather, Defendant argues that his co-defendants' statements are material, exculpatory evidence, and thus are not merely "impeachment *Brady*" evidence, but more importantly, "exculpatory *Brady*" evidence. (Doc. 92 at 8). Defendant asserts that, as "exculpatory Brady" evidence, the statements sought "may require significant pre-trial investigation, such as identifying and interviewing additional defense witnesses, identifying relevant and admissible evidence, and may be relevant to the preparation of additional motions…." (*Id*.) Accordingly, Defendant argues that the Government should be required to promptly disclose the evidence, rather than being permitted to withhold disclosure until trial, under the Jencks Act. (*Id*. at 9).

5

As an initial matter, it bears noting that Defendant's characterization of his co-defendants' statements as "material" and "exculpatory" is speculative. That is—Defendant *believes* that his co-defendants made statements to negate Defendant's involvement in *one* aspect of the underlying charges. But the Government is only obligated to produce evidence that is in its control or possession. *See* Fed. R. Crim. P. 16(a); 18 U.S.C. § 3500(b). Thus, to the extent that Defendant is requesting "exculpatory" statements that do not exist and/or are not in the Government's possession, the Government cannot produce, and does not have an obligation to procure, responsive discovery.[4]

Even assuming, however, that the co-defendants' statements may be <u>useful</u> to Defendant, such usefulness does not render the statements "material." "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *United States v. Bencs,* 28 F.3d 555, 560 (6th Cir. 1994). Indeed, the Supreme Court has rejected the notion that *Brady* should encompass evidence useful to the defense in trial preparation, as such a requirement "would necessarily encompass incriminating evidence as well as exculpatory evidence, since knowledge of the prosecutor's entire case would always be useful in planning the defense." *Agurs*, 427 U.S. at 112 n.20. And the

---

[4] As an alternative to compelling immediate disclosure, Defendant asks the Court to review the statements *in camera* and determine whether they constitute *Brady* material. However, because Defendant only speculates that the statements contain exculpatory information, *in camera* review is unwarranted. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 58, n.15 (1987) ("[the defendant], of course, may not require the trial court to search through the [discovery] without first establishing a basis for his claim that it contains material evidence") (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)). Additionally, as fully explained, *infra*, because the Court finds that the statements are subject to disclosure under Jencks (if at all), an *in camera* review is unnecessary.

6

Government has no obligation to provide the entirety of its case file in order to facilitate Defendant's trial preparation. *See id.* at 111. Alternatively, given the certainty with which Defendant asserts that his co-defendants' statements contain information to negate his involvement, there should be little to no prejudice in having the defense prepare for trial absent the specific statements of his co-defendants. Indeed, Defendant seeks statements related to approximately 45 topics, all of which focus on Defendant's knowledge and conduct. Thus, the best source of information on said topics is not his co-defendants, but rather Defendant himself. And to the extent that his co-defendants' statements support such a theory, Defendant will either have access to those statements after the witnesses testify or sooner if the Government does not intend to call them as witnesses.

More to the point, however, the resolution of this motion is straightforward. First, to the extent that Defendant seeks the Government's reports regarding witness statements, Rule 16 <u>expressly excludes such disclosure</u>. Fed. R. Crim. P. 16(a)(2). And as to direct statements prospective witnesses, the law is clear—when it comes to timing of disclosure, Jencks beats *Brady*. And while the Court acknowledges Defendant's assertion that the evidence is more *Brady* and less Jencks, there are no degrees of Jencks exceptions for this Court to consider pretrial. The Court cannot require the Government to disclose Jencks material prematurely. *See* 18 U.S.C. § 3500 ("no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of

subpoena, discovery, or inspection until said witness has testified on direct examination in the trial").

That said, this Court typically asks that the Government to voluntarily disclose such evidence a few weeks in advance of trial, in order to avoid a lengthy mid-trial delay. And the Government has, in this Court's experience, always been accommodating in that regard. Beyond encouraging such a disclosure when the time comes to establish a trial calendar, the Court can do no more.

### IV. CONCLUSION

The Government has repeatedly represented to Defendant, and now to the Court, that the Government is aware of its discovery and trial obligations and will abide by them. Therefore, where, as here, the Government has conceded that it is aware of and has complied/will continue to comply with its obligations under Rule 16, *Brady*, *Giglio*, and Jencks, compelling pre-trial disclosure of the discovery sought by Defendant Borges is unwarranted.

Accordingly, based upon the foregoing, Defendant's motion to compel discovery (Doc. 92) is **DENIED**.

**IT IS SO ORDERED.**

Date: 1/25/2022

Timothy S. Black
United States District Judge

8