# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-CR-77 |
| Plaintiff, | : | JUDGE TIMOTHY S. BLACK |
| v. | : | HEARING REQUESTED |
| | : | **UNITED STATES'** |
| LARRY HOUSEHOLDER, ET AL., | : | **MOTION TO AMEND CONDITIONS** |
| | : | **OF BOND** |
| Defendants. | : | |

The United States respectfully moves the Court to modify the conditions of Defendant Matthew Borges's bond. The reasons for this motion are set forth in the following memorandum.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Matthew C. Singer
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Emily.Glatfelter@usdoj.gov
Email:  Matthew.Singer@usdoj.gov

## MEMORANDUM OF LAW

On July 21, 2020, Defendant Matthew Borges appeared before Magistrate Judge Bowman on a criminal complaint charging him with conspiracy to commit racketeering. (Doc. 5, redacted complaint; Doc. 7, minute entry for initial appearance.) The Court ordered him released subject to certain conditions. (Doc. 9, order setting conditions of release.)[1] Borges was subsequently indicted for the same offense. (Doc. 22, indictment.)

The Indictment alleges, in relevant part, that Borges offered a bribe to CHS-1—an employee and agent of the Ballot Campaign (as defined in the Indictment)—for inside information about the Ballot Campaign to further the efforts of the racketeering enterprise. (*Id*. ¶ 126.) According to the Indictment, rather than accept the bribe, CHS-1 contacted the FBI and began working at the FBI's direction, recording conversations with Borges and accepting $15,000 from Borges in return for information that would harm the Ballot Campaign's efforts and further the enterprise. (*Id*. ¶¶ 29, 127; *see also* Doc. 5, ¶¶ 218–20.) CHS-1 will likely testify as a witness in the trial of this matter.

On June 17, 2022, FBI Special Agent Blaine Wetzel became aware of a website Borges launched related to this case. Through the website, Borges seeks to raise money for his legal defense fund and publicly contest the government's allegations against him. One portion of the website features the name and photograph of CHS-1 and the names and photographs of individuals involved in the prosecution of this case, and labels them "lying liars."

On June 21, 2022, the Cleveland Plain Dealer ran an article about Borges's website. That same day, Special Agent Wetzel learned that the website included a live hyperlink titled "[CHS-1] Employment File," without any context as to why information in the link was relevant to

---

[1] Case No. 1:20-mj-00526.

Borges's website. (*See* Exhibit A at 1–2.)² When Special Agent Wetzel clicked on the hyperlink, he could view CHS-1's employment file from the Franklin County Auditor's Office, where CHS-1 had worked from 2011 to 2013.  The employment file of CHS-1 contained unredacted copies of his W-4 and I-9 tax forms and photocopies of his social security card and driver's license; CHS-1's social security number was listed multiple times throughout the file. (*See, e.g., id*. at 5, 33, 43, 47, 48, 67, 68, 69, 71, 72, 73, 74, 75).

Borges's website made all of these documents publicly accessible. As a result, anyone visiting the site could obtain CHS-1's social security number, driver's license number, birth date, address, and other personal identifying information. Based on the government's understanding, following action taken by a third party on behalf of CHS-1, the link to the employment file was removed from the website.³

Borges's public posting of 2011 employment documents containing CHS-1's personal identifying information was an attempt to intimidate and retaliate against CHS-1. Such information has "virtually no non-criminal use[]"; by posting it, the defendant deliberately exposed CHS-1 to crimes like identity fraud. *See* Eugene Volokh, Crime–Facilitating Speech, 57 STAN. L. REV. 1095, 1146–47 (2005) (observing that speech revealing social security numbers "are likely to have virtually no noncriminal uses"); *see also, e.g.,* Fed. R. Crim. Proc. 49.1 (requiring redaction of certain information that is publicly filed, including social security numbers and taxpayer identification numbers, unless filed under seal).

---

² Exhibit A contains screenshots of the website's pages that linked to the employment file and the employment file documents that were contained on the website.  Exhibit A is filed under seal because it contains sensitive personal information, as described below.
³ It is the government's understanding that the defendant obtained CHS-1's employment file from the Franklin County Auditor's Office through a request made by the defendant's attorney.

Pursuant to 18 U.S.C. § 3145(a)(1), the United States respectfully moves the Court to modify the defendant's conditions of bond to reduce the risk that the defendant will again attempt to intimidate CHS-1, including by taking actions that expose CHS-1 to financial harm. *See United States v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir. 1992) ("pecuniary or economic harm" may be considered in assessing the defendant's danger to the community); *United States v. Madoff*, 586 F.Supp.2d 240, 252 (S.D.N.Y. 2009) (citing cases and "conclud[ing] there is support for considering economic harm in evaluating danger to the community under § 3142 of the Bail Reform Act"). At a minimum, the United States requests that the Court amend the defendant's conditions of release to prohibit him from posting or otherwise disseminating the sensitive personal identifying information of CHS-1 noted above. *See, e.g.,* Volokh, Crime–Facilitating Speech, 57 STAN. L. REV. at 1099, 1146–47 (explaining that "[r]estricting the publication of full social security numbers . . . will not materially interfere with valuable speech" and listing "a website [that] posts people's social security numbers" as speech "that makes it easier for people to commit crimes, torts, or other harms").

## CONCLUSION

For these reasons, the United States respectfully requests that the Court amend the defendant's conditions of release as set forth above.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney


s/ Matthew C. Singer
EMILY N. GLATFELTER (0075576)
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Emily.Glatfelter@usdoj.gov
Email:  Matthew.Singer@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served electronically upon all counsel of record.

s/ Matthew C. Singer
MATTHEW C. SINGER (IL 6297632)
Assistant United States Attorney