IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No.: 1:20-cr-077 |
| Plaintiff, | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| Matthew Borges, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT BORGES' CORRECTED RESPONSE IN
OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE ARGUMENT AND EVIDENCE
SUPPORTING JURY NULLIFICATION**

Defendant, Matthew Borges ("Borges"), through counsel, hereby provides his Corrected Response in Opposition to the Government's Motion *in Limine* to Preclude Argument and Evidence Supporting Jury Nullification. (R.138). For the reasons set forth below, the Government's motion should be denied as moot. Moreover, to the extent that the Government's motion seeks to limit or exclude relevant evidence from trial, it should be denied.

## Introduction

The Government raises phantom concerns about jury nullification in a bid to obtain an overly broad prohibition that would unfairly exclude relevant evidence and lines of cross-examination that would properly undermine its case. In support, the Government suggests that Borges "may present argument and/or evidence amounting to (1) selective prosecution, (2) "this is how fundraising works," (3) ignorance of the law, (4) a First Amendment affirmative defense, and (5) unrelated noncorrupt or good acts." (R.138, PageID 3760.) These

1

hypothetical tactics, according to the Government, are "attempts to serenade a jury with the siren song of nullification." (*Id.* at PageID 3759.) But the Government's "jury nullification" concerns are unfounded because Borges is not seeking to nullify any law or ignore any relevant facts. Moreover, Borges has no intent to argue or present evidence of the first four categories of topics[1] and, regarding the fifth topic, Borges will not offer evidence inconsistent with Rules 404 or 405 of the Federal Rules of Evidence. Further, the remedy the Government seeks, such as preventing questions of bias or motive and precluding Borges from introducing relevant other act or character evidence, is unnecessary and premature.

### A. Borges is not raising a selective prosecution defense.

Borges is **not** raising a selective prosecution defense, which requires an individual to "demonstrate that the federal prosecutorial policy" has both a discriminatory effect and was motivated by a discriminatory purpose. *United States v. Armstrong,* 517 U.S. 456, 465 (1996). Borges is aware of no Department of Justice policy that has been violated here nor does he believe he is being discriminated against based on race, religion, etc. The Government's concerns about a selective prosecution argument are moot.

So too is the Government's concern that Borges "may attempt to argue before the jury that others engaged in similar conduct were not charged, or were charged with different crimes[.]" (R.138, PageID 3761.) Regardless of whether those issues are relevant to a selective

---

[1] Borges has no intention of arguing ignorance of the law because knowledge of the law is a key part of his defense. Nor has Borges said that "this is how fundraising works." Instead, he has asserted that he was never aware of any fundraising discussions, nor was he involved in any of Generation Now's or Company A's spending decisions. Indeed, according to Neil Clark, it was Clark's "responsibility of managing 'cash calls' each week to pay various vendors. That meant Longstreth and I would estimate what we needed, then Longstreth gave that amount to Juan Cespedes who then gave it to John Kiani of FirstEnergy Solutions, who then finally gave it to the US Bankruptcy Trustee for approval." Clark, Neil, "What Do I Know? I'm Just a Lobbyist: A Sicilian Never Forgets," (2021) at p.519. Nor does Borges intend to raise some independent First Amendment defense "separate and apart from the Court's instructions." (R.138, PageID 3768.)

prosecution claim, Borges has no interest in pursuing them because he is not raising a claim of selective prosecution—but, even so, he just cannot understand why *he* was charged and believes the facts will demonstrate that he should not have been.[2]

The Government, despite arguing from a moot premise, states that the "defendants cannot overcome these limitations by merely claiming such argument or evidence is relevant to a witness's bias and credibility." (R.138, PageID 3764.) The Government's reliance on the Sixth Circuit's decision in *Abboud* is misplaced. *Id.*

In that case, "Defendants fully admitted that the purpose of the cross-examination was not to test the reliability of the witnesses, but instead to present a defense of selective prosecution." *United States v. Abboud,* 438 F.3d 554, 580 (6th Cir. 2006). Not so here. Borges absolutely intends to test the reliability and truthfulness of certain witnesses, including on issues of bias and motive—and flatly refutes any notion that he seeks to pursue, in any way, a claim of selective prosecution.

Furthermore, questioning the motivation or bias of the *investigators* (*e.g.,* the FBI) is distinct from questioning the motivation or bias of the *prosecutors*. To be clear, Borges does not intend to question witnesses concerning the improper topic of prosecutorial discretion/decision-making. Evidence of bias "encompasses all facts and circumstances which, when tested by human experience, tend to show that a witness may shade [his or her] testimony for the purpose of helping to establish one side of a cause only." *Majestic v.*

---

[2] The Government correctly points out selective prosecution "is 'an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.'" (R.138, PageID 3761) (citing *Armstrong*). However, Borges has no plan to raise the charging decisions by the U.S. Attorney's Office at trial, not even through cross-examination of law enforcement. Thus, the Government's argument regarding exclusion of issues of prosecutorial discretion (*id*. at PageID 3763-64) is moot.

*Louisville & N.R. Co.,* 147 F.2d 621, 627 (6th Cir. 1945); *see also United States v. Sumlin,* 956 F.3d 879, 890 (6th Cir. 2020).

For example, Borges may cross-examine FBI Special Agent Wetzel concerning his prior sworn statements[3] and issues concerning his motivations and biases. And, as the Court has already pointed out, "Defendant is, of course, free to disagree with SA Wetzel's statements and to test the reliability of those statements—but the defendant must do so in the context of trial." (Order, R.103, PageID 1730.) Borges intends to do just that, and the Government cannot limit that examination via a motion to stop a defense that Borges is not even raising.

Additionally, it is not conjecture that the Department of Justice, which includes the FBI, was politicized under President Donald Trump—it is an extraordinary fact that has been publicly confirmed by two former United States Attorneys General[4], a former top Trump administration official[5], the former President himself,[6] as well as many others.[7] Borges was

---

[3] *See* Borges' Motion, R.93, PageID 1614—24.

[4] William Barr, *One Damn Thing After Another: Memoirs of an Attorney General* (Harper Collins 2022) ("He [Trump] made clear that he planned to purge the Republican Party of those he considers insufficiently orthodox or lacking in 'loyalty,' and he has since embarked on that effort…His motive is revenge, and it is entirely personal."); Michael Kranish, *Echoes of Watergate: Trump's appointees reveal effort to topple Justic Dept.*, Washington Post, June 23, 2022 (reporting Trump's efforts relating to Acting Attorney General Jeffrey Rosen) available at https://www.washingtonpost.com/national-security/2022/06/23/jan6-doj-clark-rosen-donoghue-testimony/.

[5] Steve Benen, *John Kelly: Trump wanted IRS to target perceived political foes,* MSNBC (Nov. 14, 2022) (reporting that Trump regularly made demands seeking investigations against his perceived foes") available at https://www.msnbc.com/rachel-maddow-show/maddowblog/john-kelly-trump-wanted-irs-target-perceived-political-foes-rcna57033.

[6] Kevin Derby, *Nikki Fried: DOJ Needs to Investigate Trump's 2018 Florida Election Claims,* Florida Daily (Nov. 15, 2022) (reporting that Trump alleged he "sent in the FBI and the U.S. Attorneys" during the 2018 election to stop DeSantis' election from being stolen) available at https://www.floridadaily.com/nikki-fried-doj-needs-to-investigate-trumps-2018-florida-election-claims/.

[7] Michael Cohen, *Revenge—How Donald Trump Weaponized the US Department of Justice Against His Critics* (Melville House 2022) ("A deranged president who weaponized the DOJ for his own benefit."); *see also* Nikki McCann Ramirez, *Trump's DOJ Pushed for*

4

a public opponent of President Trump and Trump openly campaigned against Borges in Borges' race for reelection as Ohio Republican Party Chairman.[8] Borges made national news by launching an effort to encourage Republicans to support Joe Biden and defeat Donald Trump in the 2020 election, just one month prior to Borges being arrested.[9] Whether any of those issues influenced or motivated the FBI agents in their investigation of this case is relevant to their credibility. The Government's apparent concern that the FBI agents' answers may "amount to" an appearance of selective prosecution is both insufficient and telling. (R.138, PageID 3761.)

To the extent that any witness may have biases or motives relevant to their credibility, Borges has the right to pursue such lines of cross-examination. *See Davis v. Alaska,* 415 U.S. 308, 316—18 (1974) (holding that the Sixth Amendment's Confrontation Clause requires a defendant to have some opportunity to show bias on the part of a prosecution witness). That remains true even if the Court excludes evidence/argument of selective prosecution—which, again, is not being argued nor raised by Borges—and does not shield the Government's witnesses from questions of bias or motive because "there is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible[.]" *United States v. Abel,* 469 U.S. 45, 56 (1984).

---

*Prosecution of Political Enemies, Book Claims,* Rolling Stone (Sept. 8, 2022) available at https://www.rollingstone.com/politics/politics-news/trump-justice-department-prosecuction-political-enemies-1234588539/.
[8] *See e.g.,* Jonathan Martin, *No Target Too Small, Trump Intervenes to Oust Ohio's G.O.P. Chair,* NY Times (Jan. 6, 2017) available at https://www.nytimes.com/2017/01/06/us/politics/donald-trump-transition.html.
[9] Bill Allison, *Republicans Form Group to Turn Out GOP Voters—for Biden,* Bloomberg (June 17, 2020) available at https://www.bloomberg.com/news/articles/2020-06-17/republicans-form-group-to-turn-out-gop-voters-for-joe-biden.

**B. Relevant other act and character evidence should not be excluded.**

"Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1920).

The Government's motion seeks, prematurely, a blanket prohibition against any other act evidence offered by the defense. Not only is the Government's motion premature but it is overly broad since it seeks to prohibit otherwise relevant and admissible evidence under the ambit of their unfounded jury nullification concerns. (R.138, PageID 3760.)

Other act evidence may be admissible for a purpose other than propensity "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Similarly, Rule 404(a)(2)(A) permits a defendant to "offer evidence of the defendant's pertinent trait[.]" A pertinent trait must be specific, it may not be offered as evidence of one's general character. *See* Wright & Miller, Federal Practice and Procedure § 5238 (2d ed. 2022) (explaining that common law judges drew a distinction between "general good character ('he's a great guy') and a specific trait of character ('he's as honest as the day is long')"). Without a doubt, neither type of evidence— other act or character—may be offered to prove propensity. Fed. R. Evid. 404(a)(1) and (b)(1). The Government is undoubtedly familiar with these standards, s*ee* Sealed Notice R.126, yet seeks a blanket exclusion anyway.

While Borges has no obligation to disclose his trial strategy, there may be relevant other act and/or character evidence, offered for non-propensity purposes, that should properly be considered by the jury. *See Michelson v. United States,* 335 U.S. 469, 476—77 (1948) ("[T]his Court has held that such [good character] testimony alone, in some circumstances,

6

may be enough to raise a reasonable doubt of guilt and that in federal courts a jury in a proper case should be so instructed."); *see also* Sixth Circuit Crim. Pattern Jury Instr. 7.09.

For instance, Borges' intent when he gave CHS-1 the payment will, undoubtedly, be at issue and the specific character trait of generosity would be probative of Borges' state of mind. The Government has alleged that Borges paid "bribe money" to CHS-1 and cited that as justification for the racketeering conspiracy charge. (Indictment, R.22, ¶ 126.) The Government overlooks Borges' recorded statements to the contrary,[10] which were corroborated by public statements by CHS-1.[11] Borges' state of mind is, therefore, an essential element and "character evidence is admissible in cases, such as this one, where the sole issue before the jury is whether a defendant undertook his undisputed acts with a prohibited state of mind." *United States v. Yarbrough,* 527 F.3d 1092, 1102 (10th Cir. 2008)

Similarly, other act evidence may be relevant to establishing Borges' modus operandi of helping friends in need, a clearly permitted use of other act evidence under Rule 404(b)(2). Moreover, prior acts of generosity by Borges to CHS-1 may be relevant background (*e.g.,* to explain how Borges and CHS-1 knew each, why they were comfortable discussing personal matters, to explain the context of certain statements, etc.) and, arguably, are not even Rule

---

[10] *See, e.g.,* Borges' Motion for Grand Jury Testimony, R.93, PageID 1618 ("Let's do a 3 month agreement to work on political projects that I need help with, unrelated to the issue we are both working on. I'll front load it so you can deal with the issue w your daughter and get out from under that. I don't want you to undermine your campaign's efforts – we will just work on other stuff."), PageID 1622 (Borges: "Yeah, the best way for you and I, in case there is ever any question, is that you're an independent contractor"; CHS-1: "Right"; Borges: "And you can work on whatever you want, we are making sure this is totally separate and quite frankly I do need some help on this stuff"; CHS-1: "Right"; Borges: "So, it's not immediate I don't need you to start working on it tomorrow, but I do want you to take care of the issues that you've got"; CHS-1: "Right").

[11] According to a public statement by CHS-1, he believed he was being hired to work on political projects when he made the agreement with Borges and accepted the payment for his services. https://www.cleveland.com/open/2020/07/meet-the-man-who-helped-the-fbi-expose-ohio-house-speaker-larry-householders-alleged-60m-bribery-scheme.html.

404(b) evidence at all. *See United States v. Hardy,* 228 F.3d 745, 748 (6th Cir.2000) (explaining the contours of proper background or *res gestae* evidence and its relationship to Rule 404(b)).

The Government contends that evidence of this nature could "decide this case" in favor of the defendant. (R.138, PageID 3769.) But that is a reason to allow it, not exclude it, where, as here, the evidence is relevant and admissible. *See United States v. Mandel,* 591 F.2d 1347, 1385 (Butzner, J., dissenting) ("In political corruption cases, courts should be particularly reluctant to withhold from the jury relevant evidence that sheds light on the defendants' motives and intentions.").

The Court should deny the Government's blanket request to preclude all positive other act or character evidence and take up these issues if and as they arise during trial.

## Conclusion

The Government's concern that Borges may raise or argue jury nullification is unfounded, making the entire motion moot. Worse, that baseless claim is little more than a veil to disguise the true aim of the motion—to prohibit relevant lines of cross-examination of witnesses regarding bias and motive and to preclude relevant character evidence. The Government's motion should be denied.

8

Respectfully submitted,

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Lead Counsel
Todd A. Long (0082296)
MCNEES WALLACE & NURICK LLC
21 East State Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 719-2843
Facsimile: (614) 469-4653
kschneider@mcneeslaw.com
tlong@mcneeslaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Response was electronically filed with the Clerk of the United States District Court using the CM/ECF system on November 28, 2022, which will send notification of such filing to all attorneys of record including Assistant United States Attorneys Emily Glatfelter and Matthew Singer.

*/s/ Karl H. Schneider*
Karl H. Schneider (0012881), Lead Counsel