# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-77 |
| vs. | : | Judge Timothy S. Black |
| MATTHEW BORGES (4), | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S
## MOTION TO CORRECT THE RECORD

This criminal case is before the Court on Defendant Matthew Borges's motion to correct the record. (Doc. 300). Specifically, Defendant alleges that the Bureau of Prisons ("BOP") has incorrectly designated him to a low-security facility due to discrepancies in the trial court record. (*Id.*) Accordingly, Defendant asks the Court to either amend the record or to provide additional documentation in order to allow the BOP to correct his designation. (*Id.*)

As fully explained below, Defendant's motion is **DENIED** because the BOP's designation decisions are not subject to review by any court and, in any event, Defendant has not exhausted his administrative remedies. *See* 18 U.S.C. § 3621(b).

## I. BACKGROUND

On July 30, 2020, a federal Grand Jury returned a single-count Indictment, charging Defendant Matthew Borges, as well as Defendants Larry Householder, Jeffrey Longstreth, Neil Clark, Juan Cespedes, and Generation Now, with participating in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, in violation of 18

U.S.C. § 1962(c), (d). (Doc. 22 at 10, 40). On January 20, 2023, Defendants Householder and Borges proceeded to jury trial and, on March 9, 2023, both were convicted of the offense charged.[1] (Min. Entry, Jan. 20, 2023; Doc. 263). On June 30, 2023, this Court sentenced Defendant Borges to five years imprisonment and committed Defendant to federal custody the same day. (Min. Entry, Jun. 30, 2023; Doc. 290).

As in all cases, following entry of Defendant's Judgment of Conviction, the BOP received copies of Defendant's Judgment, Statement of Reasons ("SOR"), and Presentence Investigation Report ("PSR").[2] Upon receipt of the documents, the BOP exercised its statutory authority, as required, in designating Defendant to a BOP facility—specifically, FCI Milan, a low-security federal correctional institution. *See* 18 U.S.C. § 3621(b); Find an Inmate, BOP, available at https://www.bop.gov/inmateloc/.

## II. ANALYSIS

In the instant motion, Defendant argues that the BOP erroneously designated him to a low-security rather than a minimum-security facility, and that the error arises due to the BOP's misinterpretation of language contained in his PSR. (Doc. 300 at 3-7). Specifically, Defendant alleges that the BOP relied upon a passing reference to "robbery" in his PSR and, based on that one word alone, elevated his security designation. (*Id.*) Therefore, Defendant asks that the Court amend the PSR to remove the word "robbery,"

---

[1] Defendants Longstreth, Cespedes, and Generation Now pleaded guilty (Min. Entries, Oct. 29, 2020 & Feb. 9, 2021); and the charge was dismissed as to Defendant Neil Clark following his death (Doc. 88).

[2] In all cases, the U.S. Probation Office uploads the documents to the internal system and then the U.S. Marshals forward the uploaded documents to the BOP.

asserting that such an amendment constitutes correction of a "clerical error" under Fed. R. Crim. P. 36. (*Id*. at 7-8). Alternatively, Defendant asks the Court to provide the BOP with copies of Defendant's SOR and sentencing transcript, in order to allow the BOP to reassess its designation decision. (*Id*. at 7-12).

To start, the BOP's "**designation of a place of imprisonment [pursuant to statute] is <u>not reviewable by any court</u>**." 18 U.S.C. § 3621(b) (emphasis added). That said, if an error has occurred or if any clarification is necessary, the Court can be responsive to a request from the BOP. However, at this time, there is no evidence to suggest that Defendant's designation is actually the result of an error, nor that the Court could be of assistance in resolving any purported errors. In short, the notion that the BOP indeed based its designation decision solely upon the presence of the word "robbery" in the PSR, without considering the context or Defendant's actual conduct, is speculative.

Moreover, while the Court agrees that Defendant was <u>not</u> convicted of "robbery," it bears noting that the PSR does not claim otherwise. Rather, the inclusion of the word "robbery" is part of an accurate recitation of the RICO predicate offenses. And the PSR proceeds to fully set forth the underlying conduct and the nature of the offense of conviction, none of which implies that Defendant committed a crime of violence. Therefore, there is no "clerical error" in the PSR to correct. Accordingly, Defendant's request to "correct the record" under Rule 36 is without merit.

Additionally, and as previously stated, the BOP has already received copies of Defendant's Judgment, SOR, and PSR, all of which should be sufficient to allow the BOP to make a correct determination. And while the Court does not believe that the

sentencing transcript would serve any further purpose, the Court will furnish a copy should the BOP determine that the transcript would be of assistance.

Finally, Defendant's motion fails because, as the Court has confirmed through the BOP, **Defendant has not sought any administrative remedy of the alleged designation error**.[3] Unless and until Defendant exhausts his administrative remedies, there is nothing to suggest that Defendant's designation is erroneous, nor that the Court can offer any supplemental documentation to assist the BOP is reassessing its determination.

### III. CONCLUSION

In short, Defendant has failed to exhaust his administrative remedies and offers no evidence that his designation is the result of a misunderstanding or error. Moreover, there is no "clerical error" in the PSR and, therefore, there is nothing for the Court to correct under Rule 36. Finally, the Court has provided all necessary documents to the BOP, including Defendant's Judgment of Conviction, Statement of Reasons, and Presentence Investigation Report. No further documentation is required, nor has the BOP requested any further documentation or clarification.

Accordingly, Defendant's motion to correct the record (Doc. 300) is **DENIED**.

**IT IS SO ORDERED.**

Date: 5/16/2024

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[3] The Court contacted staff at FCI Milan by telephone to seek further information on Defendant's designation, at which time the Court was informed that no information was available because Defendant had not yet set sought any form of administrative remedy.

4